J-S15004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARYL TARPLEY | |
| Appellant | No. 3236 EDA 2017 |

Appeal from the PCRA Order Entered September 13, 2017
In the Court of Common Pleas of Chester County
Criminal Division at No.: CP-15-CR-0004155-2014

BEFORE:  STABILE, DUBOW, JJ., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                   Filed July 20, 2018

Appellant Daryl Tarpley *pro se* appeals from the September 13, 2017 order of the Court of Common Pleas of Chester County, which denied his request for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-56.  Upon review, we affirm.

The facts and procedural history underlying this case are undisputed. On June 23, 2015, Appellant entered into a negotiated guilty plea to one count of failure to comply with registration requirements under the Sexual Offender Registration and Notification Act ("SORNA"), 18 Pa.C.S.A. § 4915.1(a)(2). Consistent with the plea agreement, the trial court sentenced Appellant to four to eight years' imprisonment.  Appellant did not file a direct appeal.

On April 11, 2017, Appellant *pro se* filed his first PCRA petition, arguing that "[h]e is being held illegally under a statute enacted years after his

conviction in violation of [Pennsylvania's] *ex post facto* laws."  PCRA Petition, 4/11/17, at 3.  In support of his argument, Appellant pointed out that "[his] conviction for an offense that now carries registration requirements under Megan's Law occurred in 1991 over 9 years prior to the instituting of the registration requirements he is said to have violated."  *Id.*

The PCRA court appointed counsel, who eventually filed a no-merit letter and a motion to withdraw under **Turner**/**Finley**.[1]  On June 19, 2017, the PCRA court granted counsel's motion to withdraw.  On July 31, 2017, the PCRA court issued a notice of its intention to dismiss Appellant's petition without a hearing under Pa.R.Crim.P. 907.  On September 13, 2017, the PCRA court dismissed as untimely Appellant's petition.  Appellant *pro se* appealed to this Court. Following Appellant's compliance with the PCRA court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, the court issued a Pa.R.A.P. 1925(a) opinion.

On appeal,[2]  Appellant raises a single issue for our review:  "Was the lower court's dismissal of appellant PCRA in light of recent Courts decision in

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." **Commonwealth v. Pitts**, 981 A.2d 875, 878 (Pa. 2009) (citation omitted).

***Commonwealth v. Muniz***,[3] 164 A.3d 1189 (Pa. 2017) in error?"

Appellant's Brief at 2 (unpaginated) (sic).

Before we may address the merits of this appeal, we must determine whether the PCRA court had jurisdiction to entertain the underlying PCRA petition. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

---

[3] Our Supreme Court issued ***Muniz*** on July 19, 2017, after Appellant had filed the instant PCRA petition, but prior to the PCRA court's dismissal of the same. In ***Muniz***, our Supreme Court held that SORNA's registration provisions are punitive, and retroactive application of SORNA's provisions violates the federal *ex post facto* clause, as well as the *ex post facto* clause of the Pennsylvania Constitution.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, the record reflects Appellant's judgment of sentence became final on July 23, 2015. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Because Appellant had one year from July 23, 2015, to file his PCRA petition, the current filing is facially untimely given it was filed on April 11, 2017.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. Here, Appellant invokes the time-bar exception of Section 9545(b)(1)(iii) of the PCRA in arguing that that our Supreme Court's decision in *Muniz* created a new substantive right that

- 4 -

applies retroactively.[4] Our Supreme Court has set forth a two-part test to determine the applicability of Section 9545(b)(1)(iii) to a new decision:

> Subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this [C]ourt after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

***Commonwealth v. Abdul–Salaam***, 571 Pa. 219, 812 A.2d 497, 501 (2002).

To date, our Supreme Court has not recognized a new constitutional right in ***Muniz*** to be applied retroactively under Section 9545(b)(1)(iii). Appellant, therefore, is not entitled to relief under his untimely filed petition. Accordingly, the PCRA court did not err in dismissing as untimely his PCRA petition.

Order affirmed.

---

[4] We observe that Appellant raised the ***Muniz*** argument for the first time in his Rule 1925(b) statement. We need not address that defect as a jurisdictional issue, since his PCRA petition also raised another jurisdictional issue that we find dispositive here.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/20/2018